**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF MASSACHUSETTS**

**EASTERN DIVISION**

| | |
|---|---|
| In re<br><br>**BARRY REYNOLDS and**<br>**DIANE REYNOLDS,**<br><br>　　　　　　　**Debtors** | **Chapter 7**<br>**Case No. 08-10775-FJB** |
| **BARRY REYNOLDS and**<br>**DIANE REYNOLDS,**<br>　　　　　　　**Plaintiffs**<br><br>v.<br><br>**DAVID MADOFF, as he is CHAPTER 7**<br>　　**TRUSTEE,**<br>　　　　　　　**Defendant** | **Adversary Proceeding**<br>**No.  10-1253** |
| **BARRY REYNOLDS and**<br>**DIANE REYNOLDS,**<br>　　　　　　　**Plaintiffs**<br><br>v.<br><br>**DAVID MADOFF, as he is CHAPTER 7**<br>　　**TRUSTEE, and**<br>**THE BANK OF CANTON,**<br>　　　　　　　**Defendants** | **Adversary Proceeding**<br>**No. 10-1289** |

**MEMORANDUM OF DECISION ON**
**ADVERSARY COMPLAINTS AND ON MOTION FOR**
<u>**PRELIMINARY INJUNCTION AND MEMORANDUM OF LIS PENDENS**</u>

　　　　By their complaints in the above-captioned adversary proceedings, chapter 7 debtors Diane Reynolds and Barry Reynolds (the "Debtors") seek, among other things, (i) reconsideration of an order converting this case to one under chapter 7, (ii) dismissal of their bankruptcy case, (iii) an order compelling their chapter 7 trustee, David Madoff (the "Trustee"), to abandon the real property (the "Property") that was their residence and that the Trustee is now seeking to sell in their chapter 7 case, (iv) disallowance of the Trustee's proposed sale of the property, and (v) an order "mooting" an approved settlement agreement between themselves and the Trustee pursuant to which they have received a discharge and the Trustee

is selling the Property. The adversary complaints are, in essence, objections to the Trustee's proposed sale of the Property. Because the complaints appeared to state no plausible basis for relief, essentially rehashing issues that the Court has addressed earlier in the case, the Court issued orders to show cause why both should not be dismissed for failure to state a basis on which relief could be granted. After a hearing and consideration of the Debtors' responses, and for the reasons set forth below, the Court will dismiss the adversary complaints.

I begin with a brief history of this bankruptcy case. The Debtors filed a joint petition under chapter 13 of the Bankruptcy Code on February 4, 2008. Except for two relatively brief spells, they have at most times, as at present, represented themselves in the case. On March 13, 2009, the Court issued an order to show cause why the case should not be converted to one under chapter 7. On April 30, 2009, and after a hearing and consideration of the Debtors' response, the Court entered an order stating that it would convert the case to one under chapter 7 unless, on or before May 12, 2009, the Debtors moved to dismiss their case voluntarily.[1] The Debtors did not so move, and, by order of May 13, 2009, the Court converted the case to one under chapter 7. No appeal was taken from this order.

David Madoff, who is named as defendant in both of the present adversary proceedings, was appointed chapter 7 trustee in the case. He soon commenced two adversary proceedings, one under 11 U.S.C. § 548 to recover as a fraudulent transfer a prepetition transfer by Debtor Diane Reynolds of the Property, which was the Debtors' residence, and another objecting to the Debtors' discharge under 11 U.S.C. § 727(a). Both were resolved by a settlement agreement (the "Agreement") between the Trustee, the Debtors, and the third-party transferee of the Property. The Agreement provided that the Debtors would receive a discharge and limited time to remain in the Property and, in exchange, the Trustee would market and sell the Property, the Debtors would not interfere with or oppose his efforts to do so, and they would vacate the

---

[1] A chapter 13 debtor may dismiss his or her case as of right at any time. 11 U.S.C. § 1307(b).

2

Property by a date certain.  After a hearing and notice to all creditors and the Debtors, and no objection having been filed, the Court approved the Agreement.  Around the same time, the Trustee also entered into an agreement with The Bank of Canton, which asserted a first position mortgage claim against the Property.  This agreement memorialized the terms of the sale and of the distribution and sharing of proceeds from the sale as between the estate and the Bank.  The Trustee moved for approval of this agreement, and after notice to all creditors and the Debtors, and no objection having been filed, the Court approved this agreement as well.  In due course, the Debtors received a chapter 7 discharge.

Claiming duress, the Debtors then moved to vacate the Agreement with the Trustee.  After an evidentiary hearing and by memorandum of decision and separate order of May 18, 2010, the Court denied this motion.  The Debtors also moved several times for reconsideration of the conversion order, arguing (among other things) that the court lacked subject matter jurisdiction to enter it.  By memorandum of decision and separate orders of June 30, 2010, the Court denied these motions, too.  The Debtors then moved for reconsideration of the denial of reconsideration, and this too was denied.

Now the Trustee has moved in the bankruptcy case for authority to sell the Property.  The Debtors responded with the two above adversary complaints—it is not clear why the Debtors filed the second, as it essentially just reiterates the contents of the first, albeit not verbatim—but no separate objection in the case.  In form and substance, the complaints are not true complaints but motions or objections with extensive argument.  The relief they demand is not such as would require an adversary complaint under FED. R. BANKR. P. 7001.  The Court construed the adversary complaints as objections to the Sale Motion and set them for hearing at the same time as the hearing on the Sale Motion. The Court also issued orders to show cause in each adversary proceeding why it should not be dismissed for failure to state a basis on which relief can be granted.

3

**a.    The Means Test Challenge to Subject Matter Jurisdiction**

The Debtors' principal argument in these complaints is that the Court should not have converted the case to one under chapter 7 because their income and expenses are such that their case would be considered an abuse of chapter 7 and cause to dismiss their chapter 7 case under the "means test" in 11 U.S.C. § 707(b)(2).  They were not eligible to be chapter 7 debtors, they contend, and therefore, under § 1307(g), the Court lacked discretion to convert their case to chapter 7.  11 U.S.C. § 1307(g) ("Notwithstanding any other provision of this section, a case may not be converted to a case under another chapter of this title unless the debtor may be a debtor under such chapter.").  They argue that the court should have dismissed the case instead.[2]  This is an argument that the Debtors could have *but did not* advance in opposition to the Court's order to show cause why the case should not be converted.  They offer no excuse for their delay in raising the issue.  I need make no ruling on the merits of this argument because the conversion order is res judicata and no longer subject to reconsideration.

Rule 60(c) requires that a motion to vacate under Rule 60(b) "be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after entry of the judgment or order or the date of the proceeding."  FED. R. CIV. P. 60(c), made applicable by FED. R. BANKR. P. 9024.  The conjunction "and" requires satisfaction of both requirements where both apply.  This request for reconsideration is brought outside the one year period:  the first of these complaints was filed some sixteen months after entry of the conversion order.

And, in view of the considerable developments in this case since conversion,[3] this request for

---

[2]  The Court did afford them the option of dismissal, which was their right; however, had they elected dismissal, they could not have received a discharge.  *They* elected conversion over dismissal and then received a discharge.

[3]  The Court has in mind the Trustee's prosecution of two adversary proceedings, his negotiation of approved agreements with the Debtors and the Bank of Canton, the Debtors' receipt of their discharge, the Trustee's hiring of a broker and marketing of the property, and, in all of this and more, his incurring of substantial fees and costs in reliance on the conversion order.

4

reconsideration was not made within a reasonable time.  The requests for reconsideration are therefore barred as untimely.

The Debtors respond that the means test is jurisdictional, and that a challenge to subject matter jurisdiction may be raised at any time.[4]  Although I am aware of no previous decisions on the issue, the Court holds that the means test is not jurisdictional.  Situated in § 707 of the Bankruptcy Code, it is a basis for moving to dismiss a chapter 7 case and includes no jurisdictional language.  When no motion to dismiss is timely filed, the case simply proceeds.  See FED. R. BANKR. P. 1017(e) (establishing deadline for filing a motion to dismiss a chapter 7 case for abuse).  The means test appears nowhere in the Court's jurisdictional statutes.  See 28 U.S.C. § 1334 and 157.  The Debtors' argument therefore does not concern subject matter jurisdiction, and their request for reconsideration is untimely.

**b.      Waiver by Agreement**

In their agreement with the Trustee, the Debtors agreed that the Trustee would liquidate the Property in this bankruptcy case, and they further agreed that they would not oppose his efforts to liquidate the Property.  They thereby waived their right to oppose or object to the proposed sale of the Property.  These adversary complaints, however, are in large measure attempts to oppose the sale:  hence their requests for reconsideration of the order of conversion, for an order dismissing their case, for an order determining that the Trustee lacked standing to object to their discharge and to bring a fraudulent transfer complaint to recover the Property, for an order compelling the Trustee to abandon the Property, for an order "mooting" the Agreement, for an order enjoining the sale, and for issuance of a memorandum of lis pendens.  The Debtors have contractually waived any right they may otherwise have had to this relief and even to assert those rights in opposition to the Trustee's intended sale.

---

[4] In fact, the only basis in Rule 60(b) that the Debtors cite for vacating the conversion order is lack of subject matter jurisdiction.

5

**c.    Trustee's Standing to Bring Complaints**

The Debtors also now seek a determination that the Trustee did not have standing to file the complaints that led to his settlement agreement with them: the first under 11 U.S.C. § 548 to recover the Property as a fraudulent transfer, and the second under 11 U.S.C. § 727(a) to deny the Debtors a discharge. They do not explain why they believe a bankruptcy trustee lacks this standing. Nor do they explain how such a determination might avert the proposed sale, the Trustee's rights now being fixed by the Agreement and not by adjudication of the complaints. Still, the Court now determines that the Trustee did have standing to bring both complaints. See 11 U.S.C. § 548 ("the trustee may avoid" certain fraudulent transfers), 11 U.S.C. § 544(b) (authorizing trustee to exercise certain creditor avoidance rights under state law), and 11 U.S.C. § 727(c)(1) ("[t]he trustee . . . may object to the granting of a discharge under subsection (a) of this section").

**d.    Debtors' Lien Rights and § 363(f)**

In his sale motion, the Trustee seeks authority under 11 U.S.C. § 363(f) to sell the Property free and clear of liens, with any existing liens to attach to the proceeds. The Debtors argue that they have a lien against the property that would not be paid from the proceeds of this sale (the proceeds being insufficient), and that they do not consent to the sale, in which circumstances § 363(f) does not permit a sale free and clear.

This argument fails on several grounds. First, the Debtors waived it (along with all other grounds of opposition to the sale) in their Agreement with the Trustee. The Agreement remains binding, and so this argument is waived.[5]

Second, the Debtors do not describe their lien, its amount, its priority, when it arose, or how it arose. They cannot interpose a phantom lien, especially such a peculiarity as one in

---

[5] The Court notes that the Debtors entered the Agreement at a time when they had counsel and thus did so, presumably, on the advice of that counsel.

6

favor of themselves on their own property.

Third, if the lien arose before their bankruptcy filing, it is an asset of their bankruptcy estate and, as such, is controlled not by them but by the Trustee.  On the other hand, if it arose postpetition, they would have to explain how that can have occurred, given the automatic stay, 11 U.S.C. § 362(a), acts in violation of which are void, and the lack of court authorization of any postpetition encumbrances in this case.  There has been no explanation, and therefore any postpetition lien they may have placed on the Property would be invalid and, if not void, at least subject to avoidance under 11 U.S.C. § 549(a) (authorizing the trustee to avoid unauthorized postpetition transfers of property of the estate).

e.     **Denial of Claim**

The Debtors also ask the Court to deny the secured claim of The Bank of Canton, but the validity and priority of the Bank's claim were resolved by agreement between the Trustee and The Bank of Canton.  The Debtors had notice of the Trustee's motion to approve that settlement but filed no objection, and the Court approved the agreement.  The Debtors are bound by the approved agreement.

f.     **Preliminary Injunction and Request for Issuance of Memorandum of Lis Pendens**

The Debtors ask the Court to stay the sale during the pendency of these adversary proceedings.  Finding no likelihood of success on the merits, the Court will deny a preliminary injunction.  In fact, the Court holds that the complaints fail to state a basis on which relief can be granted and accordingly will dismiss them with prejudice, leaving no interim period for which preliminary injunctive relief might be necessary.

The same fact obviates any possible basis for issuance of a memorandum of lis pendens, which the Debtors also demand.  Insofar as the complaints will today be dismissed with prejudice, there is no pending action of which to record a memorandum.  In addition, these

adversary proceedings are no more about title to real property than any bankruptcy case in which a debtor owns real property.

Lastly, these requests for both a preliminary injunction and a memorandum of lis pendens are, like the substantive counts to which they relate, attempts by the Debtors to interfere with the Trustee's sale of the property. As such, they are barred by their Agreement with the Trustee, an Agreement that, after a full evidentiary hearing, the Court determined to be fully enforceable.

**Conclusion**

For the reasons set forth above, the Court will enter a separate order dismissing the Debtors' complaints and overruling those same complaints insofar as they constitute objections to the sale.

Date: October 25, 2010

_____
Frank J. Bailey
United States Bankruptcy Judge